**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED

2022 FEB -9 P 3: 12

DEPUTY CLERK

**UNITED STATES OF AMERICA** :
:
**v.** :
:
**DAQUAN CORBETT, A/K/A "CHINX";** :
[redacted] :
**SARAH MCBREAIRTY;** :
**JAMES KING, A/K/A "JIMMY";** :
**JOHN MILLER, A/K/A "INDIAN";** :
**JAMES VALIANTE, A/K/A "JIMMY";** :
[redacted] :
**ANDREW ADAMS;** :
**THOMAS HAMMOND, A/K/A "TOMMY";** :
**WAYNE SMITH, A/K/A "WEEZ", "WEEZY";** :
**SHELBY LORING;** :
**JOSHUA YOUNG;** :
**AARON RODGERS;** :
**JASON CUNROD;** :
**JOSHUA JERRELL;** :
**CHRISTOPHER COTY; and** :
**CAROL GORDON** :

**Criminal No.:** 1:22-cr-00023-LEW

SECRET

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
Drug Conspiracy
(21 U.S.C. § 846)

From about January 1, 2018 through about December 31, 2021, the exact dates being unknown, in the District of Maine and elsewhere, the defendants

**DAQUAN CORBETT, A/K/A "CHINX";**
[redacted]
**SARAH MCBREAIRTY;**
**JAMES KING, A/K/A "JIMMY";**
**JOHN MILLER, A/K/A "INDIAN";**

**JAMES VALIANTE, A/K/A "JIMMY";**
[redacted]
**ANDREW ADAMS;**
**THOMAS HAMMOND, A/K/A "TOMMY";**
**WAYNE SMITH, A/K/A "WEEZ", "WEEZY";**
**SHELBY LORING;**
**JOSHUA YOUNG;**
**AARON ROGERS;**
**JASON CUNROD;**
**JOSHUA JERRELL;**
**CHRISTOPHER COTY;**
**and**
**CAROL GORDON**

knowingly and intentionally conspired with each other and with other persons known and unknown, to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine and 400 grams or more of a mixture or substance containing N-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), 841(b)(1)(A)(vi) and (viii).

**<u>QUANTITY OF METHAMPHETAMINE AND FENTANYL ATRIBUTABLE TO EACH DEFENDANT</u>**

With respect to the defendants **DAQUAN CORBETT, A/K/A "CHINX";** [redacted]**; SARAH MCBREAIRTY; JAMES KING, A/K/A "JIMMY"; JOHN MILLER, A/K/A "INDIAN"; JAMES VALIANTE, A/K/A "JIMMY";** [redacted] and **ANDREW ADAMS** their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine and 400 grams or more of a mixture or substance containing N-phenyl-n-[1-

(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), Schedule II controlled substances, and, therefore, the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A)(vi) and (viii) are applicable to them; and

With respect to the remaining defendants, their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a quantity of methamphetamine, a quantity of a mixture or substance containing methamphetamine, and a quantity of a mixture or substance containing N-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), Schedule II controlled substances and, therefore, the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) are applicable to them.

Thus, the defendants violated Title 21, United States Code, Section 846.

**COUNT TWO**

Possession with intent to distribute controlled substances
(21 U.S.C. § 841(a)(1))

On about April 1, 2021, in the District of Maine, the defendant,

**JAMES VALIANTE, A/K/A "JIMMY"**

knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and did aid and abet such conduct, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B)(vi) apply to the conduct described herein.

[redacted]

**COUNT FOUR**
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

From about July 21, 2021, through about August 19, 2021, in the District of Maine, and elsewhere, the defendants,

**SARAH MCBREAIRTY**
**and**
**JASON CUNROD**

conspired with each other and with others known and unknown to the Grand Jury to conduct and attempt to conduct a financial transaction, to wit, the purchase of two parcels of real property as reflected in a Deed filed in the Penobscot County Registry of Deeds in Book 16157, page 232, which includes the property known as 1301 Moosehead Trail, Dixmont, Maine, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the

conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count One, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Thus, the defendant violated Title 18, United States Code, Section 1956(h).

**COUNT FIVE**
Conspiracy to Make False Statements to a Federal Firearms Licensee
(18 U.S.C. § 371)

THE CONSPIRACY AND ITS OBJECTS

1. On about June 1, 2021, in the District of Maine, the defendants

**SARAH MCBREAIRTY**
**and**
**JOSHUA JERRELL**

knowingly and intentionally conspired with each other to commit offenses against the United States, specifically: (1) knowingly making false statements or representations with respect to information required to be kept by a federal firearms licensee in violation of Title 18, United States Code, Section 924(a)(1)(A); and (2) knowingly making a false oral or written statement, intended or likely to deceive a federal firearms licensee with the intent to deceive the federal firearms licensee in violation of Title 18, United States Code, Section 922(a)(6).

MANNER AND MEANS OF THE CONSPIRACY

2. It was part of the conspiracy that **SARAH MCBREAIRTY** caused **JOSHUA JERRELL** to attempt to obtain firearms from a federal firearms licensee in Penobscot County, Maine ("the licensee").

3. It was part of the conspiracy that **JOSHUA JERRELL** made false statements in

connection with the attempted acquisition of firearms from the licensee within the meaning of Chapter 44, Title 18, United States Code, which statements were intended and likely to deceive the licensee, as to a fact material to the lawfulness of the sale of the respective firearms.

4. It was part of the conspiracy that **JOSHUA JERRELL** made false statements and representations in the form that the licensee was required to keep in connection with the sale of the respective firearms.

5. It was part of the conspiracy that **JOSHUA JERRELL** would turn over the firearms so obtained to **SARAH MCBREAIRTY**, the actual purchaser of the firearms.

OVERT ACTS

6. During the conspiracy the following overt acts were committed in furtherance of the conspiracy.

7. On about June 1, 2021, **SARAH MCBREAIRTY** provided **JOSHUA JERRELL** with U.S. Currency to purchase firearms from the licensee.

8. On June 1, 2021, **SARAH MCBREAIRTY** provided **JOSHUA JERRELL** with instructions on which firearms to attempt to purchase.

9. On June 1, 2021, **JOSHUA JERRELL** selected a SCYY, CPX-2 9mm pistol bearing serial number C156322; a Taurus, G2 9mm pistol, bearing serial number BPAH043; and a Glock 26 9mm pistol, bearing serial number BRAH043.

10. On June 1, 2021, in connection with the attempted purchase of the three firearms referenced above, **JOSHUA JERRELL** completed an ATF Form 4473 supplied by the licensee and answered "Yes" to Question 21a which reads "Are you the actual transferee/buyer of the firearms listed on this form and any continuation sheet. **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are**

**not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you"** knowing that the answer was false at the time.

All in violation of Title 18, United States Code, Section 371.

[redacted]

## FIRST FORFEITURE ALLEGATION

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846 set forth in Count One of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following asset(s):

   a. Two parcels of real property as reflected in a Deed filed in the Penobscot County Registry of Deeds in Book 16157, page 232, which includes the property known as 1301 Moosehead Trail, Dixmont, Maine;

b. $22,500 in U.S. Currency seized by the Presque Isle, Maine Police Department from the defendant John Miller on March 4, 2021;

c. $3,157 in U.S. Currency seized by the Orono, Maine Police Department from the defendant [redacted] on February 17, 2021; and

d. a Sig Sauer, Model P365, 9mm pistol bearing serial number 66A170146 loaded with five rounds of Blazer 9mm ammunition and three rounds of SIG 9mm ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

**SECOND FORFEITURE ALLEGATION**

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count Four of this Indictment, the defendants, **SARAH MCBREAIRTY** and **JASON CUNROD**, shall forfeit to the United States, pursuant to Title

18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense(s), and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a. Two parcels of real property as reflected in a Deed filed in the Penobscot County Registry of Deeds in Book 16157, page 232, which includes the property known as 1301 Moosehead Trail, Dixmont, Maine

2. If any of the property described in Paragraph 1 of this Second Forfeiture Allegation, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 of this Second Forfeiture Allegation.

All pursuant to Title 18, United States Code, Section 982(a)(1).

**THIRD FORFEITURE ALLEGATION**

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(3) set forth in Count Six herein, the defendant [redacted]

[redacted] shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, a Sig Sauer, Model P365, 9mm pistol bearing serial number 66A170146 loaded with five rounds of Blazer 9mm ammunition and three rounds of SIG 9mm ammunition.

2. If any of the property described in Paragraph 1 of this Second Forfeiture Allegation, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

Date 2/09/22

A TRUE BILL

[redacted] Signature Redacted – Original on file with the Clerk's Office

FOREPERSON

ASSISTANT UNITED STATES ATTORNEY